**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RAECHIO SMITH**                                                                  **PETITIONER**

**VS.**                          **CASE NO. 5:07CV00152 JLH/HDY**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                                 **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District

        Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Raechio Smith, an inmate in the custody of the Arkansas Department of Correction (ADC). In July of 1998, Mr. Smith entered a plea of guilty in Jefferson County Circuit Court to the charges of aggravated robbery, theft of property, and residential burglary. Mr. Smith was sentenced to a total of thirty years of imprisonment. Having entered guilty pleas, a direct appeal was not available. Mr. Smith did not file a Rule 37 petition in state court. In 2006, the petitioner sought state court habeas corpus relief via a petition filed in Jefferson County Circuit Court. This petition was dismissed on September 13, 2006. The current petition for federal habeas corpus relief was filed on June 20, 2007. The sole ground for relief is that his convictions and sentences were obtained in violation of his due process and equal protection rights when he was convicted in circuit court

without being afforded a juvenile transfer hearing.

Respondent contends that the statute of limitations bars consideration of this petition. In addition, the respondent urges that the petition should be dismissed as procedurally barred. In an earlier Order, the petitioner was notified that dismissal of the petition was possible due to the apparent failure to file a timely petition, as well as the apparent procedural default. The petitioner was invited to explain why the petition should not be dismissed, and he has filed an explanatory pleading.

We first consider whether the petition was filed in a timely fashion. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the statute of limitation expired before Mr. Smith filed his habeas

corpus petition. Specifically, the respondent contends that Mr. Smith entered his guilty plea on July 23, 1998, and that he should have filed his habeas petition on or before July 23, 1999, in order to have complied with the statute's requirements. The petitioner concedes that he did not file his federal habeas corpus petition within one year of the guilty plea. He does not dispute that he did not file a Rule 37 petition in state court. However, he argues that he filed his federal habeas corpus petition within one year of a properly filed state habeas corpus petition – his state habeas corpus petition filed in 2006 with the Jefferson County Circuit Court. Mr. Smith supports his claim by correctly noting that the state has no limitation period for the filing of state habeas corpus petitions. Mr. Smith reasons that it is unconstitutional for the federal government to provide a one year limitation period when the state remedy of habeas corpus has no limitation period. He claims that "he is entitled to exhaust his state habeas corpus remedy in compliance with state filing deadline limitations and not ones dictated by Congress." Docket entry no. 11, page 4. The Eighth Circuit Court of Appeals has previously addressed a similar set of facts. In *Painter v. Iowa*, 247 F.3d 1255 (8th Cir. 2001), an Iowa petitioner sought state court postconviction relief under an Iowa law which allowed him three years in which to apply for postconviction relief. When faced with a limitations argument in federal court, Painter argued that, because his state petition for post-conviction relief was properly filed under Iowa law, the federal statute of limitations should have been tolled until the state postconviction petition was resolved. This argument failed:

> A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period. *Id.* at 1035; *Jackson v. Dormire,* 180 F.3d 919, 920 (8th Cir.1999) (per curiam) (statute of limitations bar on claims raised for the first time in federal habeas petition after close of one-year period could not be cured by returning to state court to exhaust state remedies that were not time-barred); *accord, Harris v.*

> *Hutchinson,* 209 F.3d 325, 327-28 (4th Cir.2000) ("Every circuit court that has construed 28 U.S.C. § 2244(d) has interpreted it in this way."). In this case, the one-year period ended on April 24, 1997. *See Jackson,* 180 F.3d at 920. Therefore, as the district court held, by the time Painter filed his state-court application on November 11, 1997, there was no federal limitations period remaining to toll, and the petition was properly dismissed as time-barred.

*Painter v. Iowa,* 247 F.3d 1255, 1256 (8th Cir. 2001). See, also, *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired.")  In summary, we find that the federal limitation period commenced when the petitioner entered his guilty plea in 1998 and expired a year later.  When Mr. Smith filed a state habeas corpus petition in 2006, the limitation period had long since lapsed and there was no limitation period to toll.  His arguments to the contrary are without merit, including his argument that the federal limitation period amounts to an unconstitutional suspension of the writ of habeas corpus.  See, e.g., *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998).  As a result, we recommend that the petition be dismissed as untimely.

      The respondent also argues that the petitioner is procedurally barred from raising his claim because he failed to properly raise the ground in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.  Mr. Smith strenuously opposes this argument, contending that the state court procedures for a *pro se* litigant appealing his state habeas corpus petition are unconstitutional, and that he should be excused for failing to adequately present his claim to the state appellate court.  We need not, and do not, address this argument, having found the petition is time-barred.

      Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed with prejudice, and the relief requested be denied.

IT IS SO ORDERED this  31   day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE